STATE of Iowa, Appellee,

v.

Cyrus Tao Tai Chi AYERS, Appellant.

No. 97–2218.

Supreme Court of Iowa.

Jan. 21, 1999.

Linda Del Gallo, State Appellate Defender, Christopher Cooklin, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, and Michael A. Riepe, County Attorney, for appellee.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and CADY, JJ.

LAVORATO, Justice.

A jury convicted Cyrus Tao Tai Chi Ayers of willful injury, while using a dangerous weapon, and eluding. The district court sentenced Ayers to an indeterminate ten-year prison term on the willful injury conviction and ordered him to serve at least five years of the sentence imposed because willful injury is a forcible felony. *See* Iowa Code §§ 708.4, 702.11, 902.7 (1997); *State v. Wallace*, 475 N.W.2d 197, 202 (Iowa 1991). The court also imposed a concurrent indeterminate two-year prison term on the eluding charge. *See* Iowa Code §§ 321.279, 903.1(2). In addition, the court imposed a $500 fine for each conviction. *See* Iowa Code §§ 902.9(3), 903.1(2).

Ayers appeals only from the sentence imposed. He argues the sentencing court failed to exercise its discretion as to the imposition of the five-year mandatory minimum sentence and as to the fines. We agree. We vacate only that portion of the sentence imposing a five-year mandatory minimum sentence and that portion of the sentence imposing the fines. We remand for resentencing on these portions of the sentence.

### I. The Mandatory Minimum Sentence.

Iowa Code section 901.10 provides in relevant part:

A court sentencing a person for the person's first conviction under section 124.406, 124.413, or 902.7 may, *at its discretion,* sentence the person to a term less than provided by the statute if mitigating circumstances exist and those circumstances are stated specifically in the record....

*Id.* (emphasis added).

Iowa Code section 902.7 provides:

At the trial of a person charged with participating in a forcible felony, if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person represented that the person was in the immediate possession and control of a dangerous weapon, displayed a dangerous weapon in a threatening manner, or was armed with a dangerous weapon while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until the person has served the minimum sentence of confinement imposed by this section.

As mentioned, the sentencing court ordered Ayers to serve a minimum of five years of his ten-year sentence pursuant to Iowa Code section 902.7 because he was in possession of a dangerous weapon when he committed the forcible felony of willful injury. The record is clear that this was Ayers' first conviction under section 902.7. Thus, under the plain language of section 901.10, the sentencing court had the discretion to order Ayers to serve less than the five-year mandatory minimum sentence required by section 902.7.

As the following excerpts from the record show, the defense counsel, the prosecutor, and the court were under the erroneous impression that the court had no discretion to order Ayers to serve less than the section 902.7 five-year mandatory minimum sentence:

THE PROSECUTOR: If it please the Court? With respect to [the willful injury count], a special finding with respect to the weapon, mandatory prison sentence should be imposed of ten years imprisonment, notation in the judgment entry that there was a finding of the special circumstances

with respect to the weapon which would require the defendant to serve the mandatory minimum sentence pursuant to—as required by the Iowa Code.

THE DEFENSE COUNSEL: If it please the Court? Your Honor, this is a kind of a really tough time for me. It always is on sentencing in cases. Its especially tough because [Ayers] is not the type of individual that should go to prison.

This case really arose because some other, what I would call, coconspirators got two people angry enough at each other that they engaged in a confrontation using weapons, which one was seriously injured. There is no question about that. They were both injured.

I am, however, aware of what the legislature did on enhancing penalties for the use of dangerous weapons. There isn't any question but what the weapon that was used exceeded the limit that was set by the legislature to be a dangerous weapon, and therefore I know that the Court unfortunately does not have any discretion in imposing sentences as to [the willful injury count].

. . . .

THE COURT: The Court, however, as counsel are well aware, and I feel—I assume and feel certain that the defendant, Mr. Ayers, is aware by this point in time, has no discretion whatsoever under [the willful injury count]. The legislature in this state, as in all states, makes the laws, and the legislature says that for a forcible felony, which willful injury is, there has to be an indeterminate term of no more than ten years imposed. The Court cannot grant a deferred judgment. It cannot defer sentencing. It cannot suspend the sentence. It must impose that sentence. It has no choice or discretion whatsoever in the matter.

I make these comments again because many of the letters that I received seem to believe that the Court has some discretion in the matter, and anyone who is involved in this case or has written letters, and I note that there are numerous people present in the courtroom today—I recognize the defendant, Mr. Ayers' father, who sat through the trial and others—need to know that the Court has no discretion in these matters.

If the Court had discretion in this matter, it might consider exercising that discretion in view of the defendant, Mr. Ayers's high school record, his work record, his lack of any prior difficulty whatsoever with the law, correctional systems. Apparently, nothing indicated to me that suggests that he has ever had any trouble or problems in school either, but I point out again the Court does not have that discretion. It can only do one thing under [the willful injury count], and that is impose an indeterminate term of no more than ten years.

Secondly under the jury's finding under [the willful injury count] of the use of a dangerous weapon the Court *has* to impose a *mandatory* minimum term of no more than five years. That's a restriction on parole eligibility.

(Emphasis added.)

 When a sentencing court has discretion, it must exercise that discretion. *State v. Finchum,* 364 N.W.2d 222, 225–26 (Iowa 1985). Failure to exercise that discretion calls for a vacation of the sentence and a remand for resentencing. *See State v. Lee,* 561 N.W.2d 353, 354 (Iowa 1997) (holding that "[w]here a court fails to exercise the discretion granted to it by law because it erroneously believes it has no discretion, a remand for resentencing is required" ); *State v. Washington,* 356 N.W.2d 192, 197 (Iowa 1984). Because the court did not exercise its discretion, we must vacate that portion of the sentence imposing a five-year mandatory minimum sentence of imprisonment and we must remand for resentencing on that portion of the sentence.

 We reject the State's contention that Ayers did not preserve error because he did not claim at the sentencing that the court had failed to exercise its discretion. We consider the court's failure to exercise its discretion a defective sentencing procedure to which our error preservation rules do not apply. *See State v. Wilson,* 294 N.W.2d 824, 825 (Iowa 1980).

■ We also reject the State's further contention that Ayers invited the error when his counsel, like the prosecutor and the court, thought the court had no discretion but to impose the five-year mandatory minimum term. We note that it was the prosecutor who first invited the error after which the defense counsel and the court followed suit. In these circumstances, we think it would be fundamentally unfair to invoke the error preservation rule. Moreover, it is doubtful that we would invoke the rule even had the defendant solely been responsible for the erroneous belief, especially when, as here, the statute clearly gives the sentencing court discretion.

■ Despite the earlier quoted excerpts from the record, the State insists that the sentencing court really did believe it had discretion to waive the five-year mandatory minimum sentence but found there were no mitigating circumstances warranting such action. To support its contention, the State points to the following question from the court: "Is there anything Mr. Ayers wants to say in mitigation of punishment or otherwise?"

The State's contention overlooks several significant factors. First, the record we have quoted clearly demonstrates the court was under the mistaken impression that it had no discretion under section 902.7. The trial judge was truly disturbed because he had no discretion to put Ayers on probation for the willful injury conviction. The judge revealed he might have exercised that sentencing option had he the discretion to do so. Given this frame of mind, there was a likelihood the judge would not have imposed the five-year mandatory minimum sentence had he known he had such discretion.

Second, the court's question came after the prosecutor's recommendation as to both counts. The court could very well have had in mind its discretion to impose concurrent prison sentences. Additionally, there was the matter of the fines on both convictions, which, as the record shows, the court felt it had some discretion. The court was probably inviting arguments from Ayers as to why it should impose concurrent prison sentences and as to why it should exercise leniency in imposing the fines.

Last, the sentencing court was following its obligation to allow Ayers his right of allocution. This, however, was no reason to assume the court was knowingly exercising its discretion to impose less than the five-year mandatory minimum sentence. *See* Iowa R.Crim. P. 22(3)(d) (providing that before rendition of sentence, "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment"); *State v. Craig*, 562 N.W.2d 633, 637 (Iowa 1997) (holding that failure to afford defendant his right of allocution in sentencing hearing was not harmless error, although defense counsel spoke on defendant's behalf; right to allocution was personal to defendant).

The result we reach is not inconsistent with two of our recent cases, *State v. Thomas*, 547 N.W.2d 223 (Iowa 1996), and *State v. Russian*, 441 N.W.2d 374 (Iowa 1989). Unlike the record in this case, the record in *Thomas* indicated the sentencing court was aware of its discretion to waive the one-third mandatory minimum sentence in section 124.413. *Thomas*, 547 N.W.2d at 225. Although section 901.10 conditions waiver of the mandatory minimum sentence on the existence of "mitigating circumstances," we held it was inconsequential that the sentencing court did not specifically mention the absence of mitigating circumstances. This is because the sentencing court is not required to note the absence of mitigating circumstances when declining to apply section 901.10. *Id.* at 226.

In *Russian*, we said that a sentencing court need only explain its reasons for selecting the sentence imposed and need not explain its reasons for rejecting a particular sentencing option. *Russian*, 441 N.W.2d at 375. Thus, if under section 901.10, the sentencing court opts to sentence the defendant to a term less than the statutory mandatory minimum, there must be mitigating circumstances and the court must state those circumstances on the record. *Id.* In contrast, where the court declines to apply section

901.10, it need not note the absence of mitigating circumstances. *Id.*

The sentencing court in *Russian* neither invoked nor even mentioned section 901.10. Unlike the case before us, in *Russian,* we could not tell from the record whether the sentencing court was aware it had discretion to apply section 901.10. In these circumstances, there was a presumption the court declined to apply section 901.10 and thus properly exercised its discretion in sentencing the defendant. This is because sentencing decisions of the district court are cloaked with a strong presumption in their favor. *State v. Loyd,* 530 N.W.2d 708, 713 (Iowa 1995). A defendant therefore has the burden to provide a record showing that the court abused its discretion. *Id.*

Thus, in *Russian,* the defendant had an affirmative duty to provide a record showing the district court was unaware of its discretion to apply a lesser sentence and for that reason failed to exercise its discretion. Because the defendant failed to provide such a record, we presumed in *Russian* that the court declined to apply section 901.10.

What distinguishes this case from *Thomas* and *Russian* is that the record here is clear the sentencing court incorrectly believed it had no discretion as to the five-year mandatory minimum sentence requirement in section 902.7.

## II. The Fines.

**A. The eluding conviction.** As mentioned, the district court levied a $500 fine on the eluding conviction as well as imposing a prison sentence. Ayers contends the district court erroneously believed it lacked discretion to suspend the fine and for that reason failed to exercise its discretion in imposing it.

▉ The crime of eluding is either a serious or an aggravated misdemeanor. *See* Iowa Code § 321.279. The State charged an aggravated misdemeanor, and the jury found Ayers guilty of that charge.

Section 321.279 does not provide for a specific penalty, so we must look to the general sentencing provisions for misdemeanors. For aggravated misdemeanors, the general sentencing provision is Iowa Code section 903.1(2), which provides:

> When a person is convicted of an aggravated misdemeanor, and a specific penalty is not provided for, the maximum penalty shall be imprisonment not to exceed two years. There shall be a fine of at least five hundred dollars but not to exceed five thousand dollars. When a judgment of conviction of an aggravated misdemeanor is entered against any person and the court imposes a sentence of confinement for a period of more than one year the term shall be an indeterminate term.

*Id.*

The question Ayers' contention poses is whether a sentencing court has the discretion to suspend the fine called for in section 903.1(2). Our decision in *State v. Hildebrand,* 280 N.W.2d 393 (Iowa 1979), and several of our decisions since *Hildebrand* lead us to conclude that a sentencing court has such discretion.

*Hildebrand* involved a drunk-driving statute that is a predecessor to our present statute. The statute provided that a violator "shall be imprisoned in the county jail for not less than two days." Notwithstanding the mandatory character of this language, we held the statute must be read *in pari materia* with the Code's general sentencing provisions, more specifically Iowa Code section 901.5. Section 901.5 authorizes trial judges to defer judgment and sentence, suspend execution of the sentence, impose sentence, or impose and then reconsider sentence. *Hildebrand,* 280 N.W.2d at 397.

We went on to point out that various provisions of the Iowa Corrections Code specify offenses and circumstances in which the court cannot apply certain sentencing options and in other statutes the legislature has demonstrated its ability to express its intent to eliminate sentencing options. *Id.* We concluded that unless the legislature has made it plain that the court has no alternative but to impose a certain jail term, the use of the word "shall" does not compel it.

In reaching that conclusion, we said:

> It is clear section 321.281 and section 901.5 comprise a legislative plan for sentencing

those convicted of the offense involved here. As used in this context, the word "shall" does not require trial court to impose a jail sentence. It means only that if the court's discretionary power to defer judgment, defer sentence, or suspend execution of the sentence is not exercised, defendant must then serve at least two full days in jail.

*Id.*

We noted that this conclusion was in accord with an earlier position this court had adopted in *State v. Robbins,* 257 N.W.2d 63, 69 (Iowa 1977). In *Robbins,* the court observed that all sentencing statutes use the mandatory "shall" language. *Id.* at 69. The court concluded that interpreting criminal statutes to require incarceration in every instance would render meaningless statutes allowing probation and other sentencing options. *Id.* at 70.

In *State v. Chana,* the issue was whether the trial court had discretion to suspend a fine in a drunk-driving statute that was a successor to the statute in *Hildebrand. State v. Chana,* 476 N.W.2d 38, 39 (Iowa 1991). The language in question provided that the defendant "shall be imprisoned in the county jail for not less than forty-eight hours ... and assessed a fine of not less than five hundred dollars nor more than one thousand dollars." *Id.* We concluded that the case was "virtually indistinguishable from *Hildebrand.*" *Id.* at 40. We observed that the new drunk-driving statute, like the one in *Hildebrand,* expressed the legislature's intent to limit the court's sentencing discretion in offenses subsequent to the first offense. *Id.* We noted that the legislature used the language "the minimum jail sentence cannot be suspended notwithstanding section 901.5, subsection 3 [authorizing court to suspend sentence of confinement] and 907.3, subsection 3 [authorizing court to suspend sentence of confinement]" in second, third, and subsequent offenses but conspicuously omitted this language in first offenses. *Id.* Thus, we were convinced that if the legislature disagreed with the decision reached in *Hildebrand* over a decade ago, it would not have repeated the same sentencing scheme in the new statute. When the penalties are ex-

amined it becomes clear the legislature knows how to eliminate sentencing options. *Id.*

Some of the penalties we referred to in this passage from *Chana* included the following: Iowa Code section 321.218 (sentence imposed for driving without valid license "shall not be suspended by the court, notwithstanding section 907.3, or any other statute"); Iowa Code section 895.11 (if defendant convicted of scheduled violation, "penalty is scheduled fine without suspension"). *Id.* Since *Chana* we have considered other statutes in which the legislature did expressly state its intent to eliminate a trial court's authority to suspend a sentence. *See, e.g., State v. Goodson,* 503 N.W.2d 395, 398 (Iowa 1993) (regarding Iowa Code § 204.401(1)(e), "and no such judgment, sentence, or part thereof shall be deferred or suspended"); *State v. Davis,* 493 N.W.2d 820, 824 (Iowa 1992) (regarding Iowa Code § 708.2A, "a person convicted of violating this section ... shall not be eligible for suspension of the minimum sentence").

Turning to the issue that was before us in *Chana*—whether the trial court is authorized to suspend a fine—we said:

Our deference to legislative expression logically applies to fines as well as incarceration. A sentence is generally defined as any punishment imposed by the court; it is not limited to a term of incarceration. Iowa Code section 901.5(3), which authorizes a court to impose a fine, term of confinement, or both, specifically permits the sentencing court to suspend the execution of the sentence "or any part of it." Thus we conclude the legislature's failure to expressly limit sentencing options for first-offense OWI applies to *all* components of the sentence, including the fine.

*Chana,* 476 N.W.2d at 40 (citation omitted).

In *State v. Grey,* we considered a fine provision similar to the fine provision in the case before us. *Grey,* 514 N.W.2d 78, 79 (Iowa 1994). The fine provision in *Grey* provided that the defendant "shall be punished by a fine of not less than one thousand dollars nor more than five thousand dollars." *Id.* (interpreting Iowa Code § 204.401(1)(d)).

We held this language eliminated the sentencing court's authority to impose *no* fine but did not eliminate the court's authority to suspend the fine. *Id.* We reasoned that

> [e]stablishing a minimum fine does not remove the court's authority to suspend the fine, however. Suspending a fine and imposing no fine are not equivalent: a suspended sentence is subject to later being executed if the defendant fails to comply with conditions set by the court. Iowa Code § 907.1(3).

*Id.*; accord *Lee*, 561 N.W.2d at 354.

In *Lee*, we held that Iowa Code section 903.1—the general penalty provision for misdemeanors—did not prohibit the suspension of a fine provided for in another statute. *Lee*, 561 N.W.2d at 354. (Section 903.1 provides for minimum and maximum penalties for simple and serious misdemeanors and expressly states that "the fine shall not be suspended by the court.") We reached this conclusion following the rule that the specific language in section 204.401(1)(d) allowing for suspension of the fine controlled over the general misdemeanor sentencing provision of section 903.1, which prohibited such suspension. *Id.* at 355.

Here we are concerned with a general penalty provision for an aggravated misdemeanor, Iowa Code section 903.1(2). As in *Grey* and *Lee*, the provision provides for a minimum and maximum fine—"a fine of at least five hundred dollars but not to exceed five thousand dollars." Iowa Code § 903.1(2). As we held in *Grey*, the legislature by establishing a minimum fine in section 903.1(2) has eliminated the sentencing court's authority to impose *no* fine; establishing a minimum fine, however, does not eliminate the courts authority to *suspend* the fine. *Grey*, 514 N.W.2d at 79. Missing from section 903.1(2) is express language eliminating the sentencing courts authority to suspend a fine. Following the rationale of the foregoing authorities, we conclude absence of such language means the legislature did not intend to eliminate the sentencing option of suspending the fine.

We find further support for our conclusion in Iowa Code section 903.1, the general penalty provision for misdemeanors. Subsection one of this provision deals with simple and serious misdemeanors; subsection two—the provision before us—deals with aggravated misdemeanors. Subsection one provides in relevant part:

> If a person eighteen years of age or older is convicted of a simple or serious misdemeanor and a specific penalty is not provided for ... the court shall determine the sentence, and shall fix ... the amount of fine, *which fine shall not be suspended by the court,* within the following limits:....

(Emphasis added.)

As we mentioned, subsection two simply provides for a minimum and maximum penalty for aggravated misdemeanors and has no similar subsection one language providing that the fine shall not be suspended. By mentioning simple and serious misdemeanor offenses as the class of offenses in which the sentencing court cannot suspend a fine, the legislature has expressed its intent that the court has the option of suspending aggravated misdemeanor fines. *See Williams v. State*, 421 N.W.2d 890, 894 (Iowa 1988) (holding that the express mention of a specific thing or things in a statute is an implied exclusion of other things not mentioned).

■ Additionally, we have consistently held for over twenty years that unless the legislature has made it clear that the court has no alternative but to impose a certain sentence, the word "shall" does not require imposition of the sentence unless the court decides against deferring judgment, sentence, or suspension of sentence. We may assume the legislature is aware of this judicial construction. *State v. Phelps*, 417 N.W.2d 460, 461–62 (Iowa 1988). Coupled with this is the fact that the legislature has demonstrated its ability to use restrictive language when it desires to do so.

■ Turning to the record, we think the following excerpts demonstrate that the prosecutor, the defense counsel, and the court were unaware that the court had the authority to suspend the fine on the eluding charge:

> THE PROSECUTOR: With respect to [the eluding charge] it's the State's recom-

mendation that the mandatory minimum of $500 be imposed....

THE DEFENSE COUNSEL: I would ask the Court go along with the county attorney's recommendation with the minimum sentence....

THE COURT: The Court has some discretion in this case to determine what an amount of fine should be.... Under [the eluding charge] to determine whether it should be $500, $5000 or somewhere in between....

Obviously, if a court is unaware that it has discretion, we can hardly say it exercised discretion. Because the court here did not exercise its discretion, we must vacate the sentence of fine on the eluding conviction and remand for resentencing on that portion of the sentence.

**B. The willful injury conviction.** The district court also imposed a $500 fine on the willful injury conviction. Ayers contends the district court also erroneously believed it lacked discretion not to impose the fine and for that reason failed to exercise discretion in imposing it.

Willful injury is a class "C" felony. Iowa Code § 708.4. The sentencing provision for a class "C" felony provides:

A class "C" felon, not an habitual offender, shall be confined for no more than ten years, and in addition may be sentenced to a fine of at least five hundred dollars but not more than ten thousand dollars.

Iowa Code § 902.9(3).

The question that Ayers' contention raises is whether a sentencing court has the discretion not to impose the fine in section 902.9(3). Although this is an issue of first impression, we have addressed the issue somewhat in the context of a class "D" felony. *See State v. Peterson,* 327 N.W.2d 735 (Iowa 1982).

The penalty provision for a class "D" felony is similar in language to that for a class "C" felony and in addition is found in the same general sentencing provision, Iowa Code section 902.9. The sentencing provision for a class "D" felony provides in relevant part:

A class "D" felon, not an habitual offender, shall be confined for no more than five

years, and in addition may be sentenced to a fine of at least five hundred dollars but not more than seven thousand five hundred dollars....

Iowa Code § 902.9(4). We have interpreted this provision to mean that a class "D" felon "must be sentenced to confinement and in addition, *may* be fined; he, however, may not be fined only." *Peterson,* 327 N.W.2d at 738 (emphasis added).

Clearly, the language "and in addition may be sentenced to a fine" found in the sentencing provisions for both class "D" and class "C" felonies means the sentencing court has the power to, but need not, impose the fine. *See* Iowa Code § 4.1(30)(c) ("The word 'may' confers a power."). Thus, we interpret section 902.9(3) to mean that the sentencing court need not impose a fine.

▬ The record again reveals that both parties and the court erroneously believed the court lacked discretion not to impose a fine:

THE PROSECUTOR: With respect to [the willful injury conviction] it's the State's recommendation that the *mandatory* minimum of $500 be imposed....

THE DEFENSE COUNSEL: I would ask that the Court ... go with any minimum fine that could be imposed on [the willful injury conviction].

THE COURT: The Court has some discretion in this case to determine what an amount of fine should be on [the willful injury conviction], whether it should be $500, $7500 or some place in between.

(Emphasis added.) We must therefore vacate the $500 fine imposed on the willful injury conviction and remand for resentencing on this issue.

The State again claims Ayers failed to preserve error on the fine issues for the same reasons it gave on the mandatory minimum sentencing issue. We reject the claim for the same reasons we gave when we rejected this claim on the mandatory minimum sentencing issue.

## III. Disposition.

In sum, we conclude the district court had discretion to order Ayers to serve less than the five-year mandatory minimum sentence on the willful injury conviction and to suspend the fine on the eluding conviction. We also conclude the court had discretion not to impose a fine on the willful injury conviction. Because the district court failed to exercise that discretion, we vacate only that portion of the sentence dealing with the mandatory minimum sentence and the fines. We remand for resentencing on these portions of the sentence.

**SENTENCES VACATED; REMANDED FOR RESENTENCING.**