**IN THE COURT OF APPEALS OF IOWA**

No. 14-1411
Filed July 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TYLER HOWELL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Joel W. Barrows (plea) and Paul L. Macek (sentencing), Judges.

        Tyler Howell appeals the sentence imposed upon his guilty plea.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

        Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, and Alan Ostergren, County Attorney, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

Tyler Howell appeals from the sentence imposed upon his plea of guilty to the charge of lascivious acts with a child.[1]  Howell contends the district court erred in sentencing him because it considered improper factors, employed a fixed sentencing policy, failed to exercise its discretion because it was unaware that deferral of judgment was an available option, and did not properly consider all pertinent factors in sentencing the defendant who was a juvenile at the time the offense was committed.  Because the memorandum of plea agreement erroneously states a deferred judgment was not an available sentencing option, and nothing in this record indicates the sentencing court was aware of that option, we vacate the sentence and remand for resentencing.

**I. Scope and Standard of Review.**

We review a sentence in a criminal case for the correction of errors at law. *State v. Kramer*, 773 N.W.2d 897, 898 (Iowa Ct. App. 2009).  "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors."  *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).  Where a court has discretion, it must exercise its discretion, and failure to do so requires vacation of the sentence and remand for resentencing. *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999).

---

[1] On July 3, 2013, Howell was charged by trial information with three counts of second-degree sexual abuse, a class "B" felony, in violation of Iowa Code section 709.3(2) (2013).  On June 13, 2014, Howell pled guilty to one count of lascivious acts with a child, in violation of section 709.8(3).  That provision was renumbered as section 709.8(1)(d) in a chapter containing "nonsubstantive code corrections."  *See* 2013 Iowa Acts ch. 30, § 202.

**II. Pertinent Facts and Discussion.**

As noted above, Howell makes several allegations of error on appeal. Because we find one issue dispositive—the availability of a deferred judgment as a sentencing option—we recite facts pertinent to that issue.

On June 13, 2014, a memorandum of plea agreement was filed with the district court which states in part: "The defendant will plead guilty to an amended and substituted Trial Information which charges one count of Lascivious Acts with a Child in violation of Iowa Code § 709.8(3)—class 'D' felony."[2] Further, the plea was "[o]pen" as to the sentencing disposition. The memorandum of plea agreement also provides: "Defendant faces a maximum sentence of incarceration for a term not to exceed five years and a fine of $7500. Defendant is *not eligible for a deferred judgment* as the victim was under the age of twelve. *See* Iowa Code § 907.3(1)(a)(13)."[3] (Emphasis added.)

During the June 13, 2014 guilty plea proceeding, Howell's attorney explained that the defendant had been evaluated and it had been determined he had an I.Q. of about 70 and read at a fourth-grade level. Howell admitted that between November 2012 and March 2013, he solicited M.C. to engage in a sex act by requesting to touch M.C.'s genital area for purposes of sexual gratification.

---

[2] An amended trial information was filed that same date accusing Howell of lascivious acts with a child, citing section 709.8(1)(d). *See* footnote 1.

[3] 2013 Iowa Acts chapter 90, section 214 amended section 907.3, moving what was previously paragraph (a) to subparagraph (1)(a)(13), which as amended reads:

(a) With the consent of the defendant, the court may defer judgement and a place the defendant on probation upon conditions as it may require. . . . However, the court shall not defer judgment if any of the following is true:

. . . .

(13) The offense is a violation of section 709.8 and the child is twelve years of age or under.

2013 Iowa Acts ch. 90, § 214.

M.C. was eight years old, and Howell was seventeen years old at the time of the offense.

The prosecutor stated at the plea hearing,

> There is a sentencing provision that would say, if the victim was under the age of 12, that the defendant would not be eligible for a deferred judgment, which is set forth in the plea agreement, and the information in my file would show that M.C. was eight years old during the offensive conduct.
>
> . . . .
>
> As the Court had indicated, the defendant's plea is to an amended trial information. The defendant faces a maximum prison sentence not to exceed five years and a fine of $7500. As I indicated, he's not eligible for a deferred judgment. Other than that, it's an open plea, and so the defendant could receive a sentence of incarceration or he could receive a suspended sentence of incarceration.
>
> The Court would also be free to select some intermediate criminal sanctions, such as placing the defendant at the Residential Correctional Facility if he was otherwise eligible. And then there are the collateral consequences that were discussed including the special sentence of supervised release, sex offender registry implications, and residency, employment and activity restrictions as well.
>
> THE COURT: Okay. I don't know if you mentioned it at this time, but the ineligibility for a deferred [is] because of the age of the victim, correct?
>
> [PROSECUTOR]: Correct.
>
> THE COURT: Do you agree with that, [defense attorney] Mr. Morrison?
>
> MR. MORRISON: I do, Your Honor . . . .

The court noted, "I know a deferred is not an option here." A June 13, 2014 court calendar entry indicates the court "accepts and enters Defendant's plea of guilty." The court ordered a presentence investigation (PSI) report be completed and requested a search of the deferred docket.

On July 22, 2014, the PSI report was filed. It states, "Deferred Eligibility: To be determined." The report did not further indicate whether a deferred judgment was an available sentencing option. In addition, the report mistakenly

stated the offense for which Howell was convicted was a class "C" felony, when Howell was convicted a class "D" felony. *See* Iowa Code § 709.8 (2013)[4] ("Any person who violates a provision of this section involving an act included in subsection 1 or 2 shall, upon conviction, be guilty of a class 'C' felony. Any person who violates a provision of this section involving subsection 3 or 4 shall, upon conviction, be guilty of a class 'D' felony."). The PSI recommended a prison sentence, without giving reasons for that recommendation.

The sentencing hearing was held on July 25, 2014. The prosecutor and Howell's attorney both commented on the misidentification of the type of felony noted in the PSI report. The prosecutor characterized it as a typographical error. Howell's attorney stated,

> that [the erroneous felony class] may well have affected the recommendation of this case because apparently the PSI preparer—I don't know if it was a typographical error or if he just didn't look into it deeply enough to know it was a class "D" solicitation, rather than a class "C."

When asked if the State had a sentencing recommendation, the prosecutor read a letter submitted to the court from the child victim's parents, which includes the statement, "She rarely sleeps in her own room because she was told if she said anything, he would come back and get her." The family requested that a prison term be imposed.

The defense presented expert testimony from two psychologists, Drs. Kirk Witherspoon and Luis Rosell, the defendant's grandfather, and a counselor. The defense requested that the court grant a term of probation.

---

[4] The PSI references section 709.8(2), a class "C" felony, which was renumbered in 2013 Iowa Acts chapter 30, section 202 as section 709.8(1)(b).

The district court noted it had reviewed the PSI report (and "understand[ing] at all times it was a D felony"), the victim impact letter, the minutes of testimony, Dr. Rosell's report and testimony, and Dr. Witherspoon's testimony. The court entered judgment imposing a five-year prison term. No mention was made by the court or either party of the availability of a deferred judgment as a sentencing option.

As noted above, memorandum of plea agreement filed here and before the sentencing court states the defendant was not eligible for a deferred judgment, citing Iowa Code section 907.3(1)(a)(13). Section 907.3(1)(a)(13) removes the option of a deferred judgment if "the offense is a violation of section 709.8 and the child is twelve years of age or under." However, Iowa Code section 901.5(14)—which became effective on July 1, 2013—allows the court to defer judgment and place the defendant on probation if the defendant was under eighteen at the time of the crime. *See* 2013 Iowa Acts ch. 42, § 14 (adding new subsection: "14. Notwithstanding any provision in section 907.3 or any other provision of law prescribing a mandatory minimum sentence for the offense, if the defendant . . . is guilty of a public offense other than a class 'A' felony, and was under the age of eighteen at the time the offense was committed, the court may suspend the sentence in whole or in part, including any mandatory minimum sentence, or with the consent of the defendant, defer judgment and sentence, and place the defendant on probation upon such conditions as the court may require"). Howell was sentenced on July 25, 2014, more than a year after the July 1, 2013 effective date of section 901.5(14).

The record in this case provides no indication the district court was aware of new subsection 901.5(14). Because the parties were in error that a deferred judgment was not an available option, and the memorandum of plea agreement clearly states that defendant is not eligible for deferred, the court did not exercise the discretion it possessed and we must vacate the sentence and remand for resentencing.[5] *See Ayers*, 590 N.W.2d at 27 ("When a sentencing court has discretion, it must exercise that discretion. Failure to exercise that discretion calls for a vacation of the sentence and a remand for resentencing." (internal citation omitted)).

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

---

[5] We observe that the sentencing court stated, "For . . . the fact that this little girl's parents will be able to go home and tell her that she is being protected to the extent possible, prison is the appropriate result of your actions." Such a consideration has been determined to be improper. *See State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999) (finding it impermissible to consider what a child will think of a sentence); *see also State v. Pickering*, No. 14-0701, 2014 WL 5862147, at *1 (Iowa Ct. App. Nov. 1, 2014) (finding court's statements—"I'm of a mind to send her to prison right now, so that you can tell your daughter that's precisely what happened. . . . I think you can tell your daughter then in two days this lady is going to prison."—showed consideration of an impermissible factor).