**IN THE COURT OF APPEALS OF IOWA**

No. 17-0754
Filed January 10, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ABBY L. ANDERSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris,

District Associate Judge.


        Abby Anderson appeals her sentence imposed after her guilty plea to

operating while intoxicated.  **AFFRIMED.**


        Adam R. Junaid of Frerichs Law Office, P.C., Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Abby Anderson appeals her sentence following a guilty plea to operating while intoxicated, first offense, in violation of Iowa Code section 321J.2(2)(a) (2016). On appeal, Anderson claims the district court failed to exercise discretion in at first declining to delay mittimus because it has a policy of ordering immediate custody following sentencing when a defendant is sentenced to jail time. We find the district court properly exercised its discretion and affirm the sentence as imposed.

### I. Background Facts and Proceedings.

In February 2017, Anderson was stopped by a Cedar Falls police officer for driving erratically. A breath test revealed a breath alcohol content of .222. Anderson was charged with and pled guilty to operating while under the influence (OWI). The State recommended a ninety-day jail sentence with all but four days suspended; Anderson requested a jail sentence with all but two days suspended, to be served at the Hawkeye Community College residential OWI program.

At the beginning of the sentencing hearing, the court informed counsel and Anderson:

> I understand the parties are fighting over the issues of the possible confinement. I have already advised [defense counsel] of the court's policy of immediate sentencing, which would require her to go into immediate confinement should she receive any term of confinement, and apparently [defense counsel] takes exception with that.

After hearing from counsel and Anderson, the district court sentenced Anderson to ninety days' incarceration with all but four days suspended. The court gave the following rationale for its sentence:

There are a number of sentencing goals and objectives that the court must consider in issuing what it considers to be an appropriate sentence.

The first is, of course, your punishment. This being the offense of operating while intoxicated, it's a first offense for you, but I'm also considering the underlying nature of the offense itself. You were observed driving a motor vehicle in an erratic manner. . . .

. . . .

. . . [Y]ou had a blood-alcohol content three times the legal limit. You had a breath test of .222. Incident occurred on February 19th at a time that it would be reasonable to conclude that there were other motor vehicles sharing the roadway with you.                     . . . .

Ms. Anderson, I have to be quite honest with you. The court's initial position is to sentence you to a period of confinement to exceed—not to exceed 15 days, but in light of the State's recommendation and the matters presented I am going to follow the State's recommendation and sentence you to be incarcerated for a term of 90 days, all of which will be fully suspended during periods of your good behavior except for four days. I will order you into immediate custody to begin service of the two days that will not be satisfied with the Hawkeye Community College program.

After hearing Anderson's objection to immediate custody off the record, the court ordered her custody to begin the following day. Anderson now appeals.

**II. Standard of Review.**

We will not reverse the sentence imposed absent an abuse of discretion or some defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When the sentences imposed are within the statutory limits, they are "cloaked with a strong presumption in" their favor. *Id.* Anderson's sentence is within the statutory limits. *See* Iowa Code § 903.1.

**III. Analysis.**

Anderson argues the district court's policy of ordering immediate custody when imposing a sentence of incarceration demonstrates the court failed to use discretion. "When a sentencing court has discretion, it must exercise that discretion. Failure to exercise discretion calls for a vacation of the sentence and

a remand for resentencing." *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999). "In the context of sentencing . . . we demand independent consideration by the sentencing court in each case, and reject the use of fixed policies." *State v. Hager*, 630 N.W.2d 828, 834 (Iowa 2001).

While it is true the court articulated a policy of placing defendants immediately into custody when sentenced to a period of incarceration, the court still exercised discretion in determining whether or not to impose a term of incarceration and whether to adhere to its stated policy. The court clearly exercised discretion during sentencing; the court initially considered sentencing Anderson to fifteen days' incarceration but reconsidered its position to adopt the State's recommendation to suspend all but four days' incarceration. The court then relaxed its stated policy in order to allow Anderson a day to turn herself into the jail.

Whether or not the sentence imposed takes place immediately does not negate the fact the court used discretion in determining the sentence and its commencement. Additionally, the court demonstrated discretion in choosing to defer its policy of immediate custody to Anderson in this case; its sentencing order reflects the change was made because of t relevant medical issues that

prevented immediate custody. Because the district court properly exercised discretion in imposing Anderson's sentence and prescribing its terms, we affirm.

**AFFIRMED.**