# IN THE COURT OF APPEALS OF IOWA

No. 17-1337
Filed March 21, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DARRELL LEE ABBOTT,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Benton County, Paul D. Miller (guilty plea) and Sean W. McPartland (sentencing), Judges.

Darrell Lee Abbott appeals following his guilty pleas to child endangerment, reckless use of fire or explosives, and second-degree criminal mischief. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Darrell Lee Abbott entered written guilty pleas to child endangerment, an aggravated misdemeanor, and reckless use of fire or explosives, a serious misdemeanor.  He also pled guilty to second-degree criminal mischief, a class D felony.  After the court imposed sentence, Abbott appealed. He challenges his misdemeanor pleas and portions of his sentence.

Abbott did not file a motion in arrest of judgment to challenge his pleas, which is generally a prerequisite to an appeal.  *See State v. Meron*, 675 N.W.2d 537, 540-41 (Iowa 2004). But the State agrees Abbott was not properly advised of his ability to challenge the misdemeanor pleas via a motion in arrest of judgment and, "as a result, [he] is not precluded from challenging those guilty pleas on appeal."  We proceed to the merits.

The first issue Abbott raises relates to the district court's suspension of all fines. The issue arose as follows.  During the plea proceeding on the felony count, the district court stated, "I've committed to a Rule 2.10 plea only on this aspect, that all fines will be suspended because of the large amount of restitution."[1]  The district court judge who imposed sentence incorporated this agreement and suspended the fines, including the fine on the serious misdemeanor count of reckless use of fire or explosives.

---

[1] Iowa Rule of Criminal Procedure 2.10(3) states:
> When the plea agreement is conditioned upon the court's concurrence, and the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement.

Abbott argues "Iowa law does not authorize suspension of the minimum fine" on that count. The State agrees. *See* Iowa Code §§ 903.1(1) (2016) (stating fines for serious misdemeanors "shall not be suspended by the court"); 712.5 (classifying reckless use of fire or explosives as a serious misdemeanor); *see also State v. Ayers*, 590 N.W.2d 25, 31 (Iowa 1999) (noting the fine for a simple or serious misdemeanors cannot be suspended, while the fine for an aggravated misdemeanor can be suspended). We conclude the district court erred in suspending the fine on the serious misdemeanor charge.

Abbott next contends his misdemeanor pleas "were rendered unknowing, involuntary, and in violation of Rule 2.8(2)(b) because (1) he was not advised of the minimum fines and surcharges applicable to those counts; and (2) he was affirmatively misadvised that the fine on [the serious misdemeanor count] could be suspended." We agree.

"[R]ule 2.8(2)(b) embodies procedural safeguards that attempt to ensure the defendant enters his or her guilty plea knowingly and intelligently." *State v. Weitzel*, 905 N.W.2d 397, 403 (Iowa 2017). The written plea agreement made no mention of the minimum fines on either of the misdemeanor counts, and Abbott was never told about those minimum fines nor was he told the fine on the serious misdemeanor count could not be suspended. We conclude the misdemeanor pleas were unknowing and unintelligent. *See id.* at 403 (declining to "strictly demarcate a clear line between rule-based and due-process claims" but acknowledging "a defendant may bring a due process claim without alleging rule violations").

This brings us to the remedy. Abbott argues we must "vacate all three guilty pleas and the plea agreement, and remand the case to the district court for further

proceedings." The State counters we should only give Abbott "an opportunity to withdraw his guilty plea on the serious misdemeanor charge" because "[f]ines were not a material element of the negotiated agreement" and "unlike the serious misdemeanor conviction, the sentencing court was authorized to suspend any fines attached to Abbott's aggravated misdemeanor conviction—so there is no illegality that subverts Abbott's expectation that *this* fine would be suspended." Abbott responds that the Iowa Supreme Court's recent opinion in *State v. Weitzel*, 905 N.W.2d 397, 408 (Iowa 2017) forecloses the State's argument. We agree.

In *Weitzel*, the court concluded the district court failed to inform the defendant of applicable surcharges as required by Iowa Rule of Criminal Procedure 2.8(2)(b)(2). 905 N.W.2d at 408. The court held "the remedy for a valid challenge to a guilty plea is to vacate the plea, reverse the judgment of conviction, and allow the defendant to plead anew." *Id.* The court rejected a "material-inducement test to a guilty plea when a court makes an affirmative misstatement and the misstatement is material to the defendant's decision to plead guilty." *Id.* at 409. The court stated "a bright-line rule is more appropriate than an inconsistent harmless-error analysis based on the totality-of-the circumstances." *Id.* at 410. And the court stated, "A line-drawing game in which we play the role of a mind reader in order to delve into the defendant's subjective state of mind is inapposite, especially because a guilty plea entails relinquishing important constitutional rights." *Id.* Finally, the court vacated the plea notwithstanding the district court's suspension of the surcharges on three of the four counts. *Id.* at 400, 409. Based on *Weitzel*, we conclude the district court's failure to advise Abbott about the minimum surcharges and the court's misadvice about the fine on the serious

misdemeanor count require us to set aside all three pleas and remand to allow Abbott to plead anew.

In light of our disposition, we find it unnecessary to consider Abbott's contention that the district court relied on an improper sentencing factor or his argument that the sentencing order failed to incorporate the district court's statement concerning credit for time served "in the case rather than only on the charges."[2]

**REVERSED AND REMANDED.**

---

[2] The district court made reference to Abbott's large child support obligation.  The court also failed to incorporate into its sentencing order its Rule 2.10 agreement authorizing Abbott to "receive credit for all time previously served in Benton County criminal file number FECR0122292."