# IN THE COURT OF APPEALS OF IOWA

No. 20-0256
Filed November 30, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRETT GILDEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

Brett Gilden appeals the sentence imposed upon his conviction of willful injury causing bodily injury. **SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**

Joey T. Hoover of Hoover law Firm P.L.L.C., Epworth, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MULLINS, Presiding Judge.**

Brett Gilden appeals the sentence imposed upon his conviction of willful injury causing serious injury.[1] He argues the court failed to exercise the discretion allowed to it under Iowa Code section 901.10(1) (2019) to reduce the five-year mandatory minimum mandated by Iowa Code section 902.7.

At the sentencing hearing on January 27, 2020, the court noted the willful-injury charge amounted to a forcible felony. *See* Iowa Code § 702.11(1). The court stated its belief the imposition of a prison sentence was mandatory but noted it did not believe there was any requirement for the imposition of a mandatory minimum. The State agreed there was no mandatory minimum, and the defense deferred to the court. The court noted it would "check again when we get finished here, and if I'm incorrect, we'll have to fix that." The court stated its intent to impose a term of imprisonment not to exceed ten years, with no mandatory minimum.

A second hearing was held on January 30. After noting the uncertainty at the prior hearing regarding the application of a mandatory minimum, the court recited Iowa Code section 902.7 and determined it applied to the willful-injury charge to require the imposition of a five-year mandatory minimum term of imprisonment. The court entered an order imposing a "mandatory minimum sentence of five years" on count one.

As noted, Gilden appeals, claiming the court failed to consider and exercise the discretion allowed to it under Iowa Code section 901.10(1), which provides: "A

---

[1] Gilden was also convicted and sentenced on charges of going armed with intent and assault while using or displaying a dangerous weapon. He does not appear to challenge the sentences imposed upon those charges.

court sentencing a person for the person's first conviction under section . . . 902.7 may, at its discretion, sentence the person to a term less than provided by the statute if mitigating circumstances exist and those circumstances are stated specifically in the record."

The State responds "the record does not demonstrate that the sentencing court was unaware of its discretion to reduce the five-year mandatory minimum of section 902.7" and, under such circumstances, there is "a presumption the court declined to apply section 901.10 and thus properly exercised discretion in sentencing defendant." The State also asserts "Gilden does not identify mitigating circumstances that affect his criminality" and implies section 901.10(1) is therefore inapplicable.

"When a sentencing court has discretion, it must exercise that discretion." *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999). A failure to do so requires resentencing. *Id.* However, "sentencing decisions of the district court are cloaked with a strong presumption in their favor," and defendants have "an affirmative duty to provide a record showing the district court was unaware of its discretion to apply a lesser sentence and for that reason failed to exercise its discretion." *Id.* at 29. If we are unable to determine "from the record whether the sentencing court was aware it had discretion to apply section 901.10," there is "a presumption the court declined to apply section 901.10 and thus properly exercised its discretion in sentencing the defendant." *Id.* (discussing *State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989)).

The supreme court has explained "that a sentencing court is not 'require[d] to note the absence of mitigating circumstances every time it declines to apply

section 901.10,'" *State v. Moore*, 936 N.W.2d 436, 440 (Iowa 2019) (quoting *Russian*, 441 N.W.2d at 375), but an abuse of discretion occurs if "the record is clear the sentencing court incorrectly believed it had no discretion as to the five year mandatory minimum sentence required in section 902.7," *id.* (quoting *Ayers*, 590 N.W. at 29, 33).

On our review, we view this matter as an *Ayers*-type case. *See id.* First, the court was not even sure whether a mandatory minimum was applicable. And when it was determined after sentencing that the mandatory minimum applied, the court's discretion to reduce the mandatory minimum per section 901.10(1) went unmentioned at the subsequent hearing and was not cited in the sentencing order. *See id.* at 439. And the court did not discuss any mitigating circumstances or even ask about them. We find the record clear that the sentencing court was unaware of its discretion to reduce the mandatory minimum and that discretion was therefore not exercised, as required, which mandates resentencing. We vacate the sentence imposed upon count one and remand for resentencing. The court may leave the sentences imposed as to the other convictions intact, or, if the court determines the entire sentencing scheme should be revisited, the court may resentence on all counts. *Cf. State v. Monson*, No. 18-0482, 2019 WL 320213, at *3 (Iowa Ct. App. Jan. 23, 2019).

**SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**