# IN THE COURT OF APPEALS OF IOWA

No. 22-0985
Filed May 24, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TYLER JOHN POHLMAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Tyler Pohlman appeals the sentences imposed upon his criminal convictions. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Chicchelly, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**MULLINS, Senior Judge.**

After his criminal trial commenced, Tyler Pohlman decided to plead guilty to domestic abuse assault causing bodily injury, domestic abuse assault by impeding breathing or circulation of blood, and assault causing bodily injury. The terms of the plea agreement included largely suspended prison sentences with credit for time already served and two years of probation, with "[m]inimum fines to be suspended, where applicable." The parties' joint sentencing recommendation likewise included suspending the minimum fines "where applicable." In announcing its sentencing decision, however, the court noted it could not suspend the fines on counts one and three—domestic abuse assault causing bodily injury and assault causing bodily injury—both serious misdemeanors.[1] *See* Iowa Code §§ 708.2(2), .2A(2)(b). So the court did not do so, and Pohlman appealed following the imposition of sentence.

On appeal, Pohlman argues the "sentence was overly harsh." Specifically, he complains the court imposed fines on counts one and three "despite the plea agreement suspending the fines."[2] He "asks that his sentence be overturned with the fines removed." The State responds that the court had no discretion to suspend the fines in any event. We side with the State for the following reasons.

---

[1] However, the court provided Pohlman the option to perform community service work of an equivalent value to the fines. *See* Iowa Code § 909.3A (2021). And the court did suspend the fine on count two, an aggravated misdemeanor. *See id.* § 708.2A(2)(d); *see also id.* § 903.1(2); *State v. Ayers*, 590 N.W.2d 25, 29–31 (Iowa 1999) (concluding section 903.1(2) provides sentencing court discretion to suspend fines on aggravated misdemeanors).

[2] We note from the outset that the plea agreement did not specifically call for suspension of the fines. Rather, it called for suspension of the fines "where applicable" or, in other words, when authorized by law.

We recently revisited the question concerning the district court's discretion to suspend fines on serious misdemeanors. *See State v. Phillips*, No. 22-0659, 2023 WL 2672058, at *3 (Iowa Ct. App. Mar. 29, 2023). Following *Ayers*, we reiterated that under section 903.1(1)(b), fines—at least from a standpoint of the general sentencing statute—cannot be suspended on serious misdemeanors. *See id.*; *see also* Iowa Code § 903.1(1)(b) (providing maximum and minimum penalties for simple and serious misdemeanors, "which fine shall not be suspended by the court"); *Ayers*, 590 N.W.2d at 31 (categorizing "serious and simple misdemeanor offenses as the class of offenses in which the sentencing court cannot suspend a fine"). Our decision in *Phillips* specifically considered the sentence imposed on a conviction for assault causing bodily injury and squarely applies to Pohlman's conviction of that offense here.

Turning to domestic abuse assault causing bodily injury, Pohlman submits the court is afforded discretion to suspend the fine by section 708.2A(7)(a), which provides, in part, "a fine may be imposed in addition to the minimum sentence" for violations of section 708.2A(2). In its entirety, the provision provides as follows:

> A person convicted of violating subsection 2 or 3 shall serve a minimum term of two days of the sentence imposed by law, and shall not be eligible for suspension of the minimum sentence. The minimum term shall be served on consecutive days. The court shall not impose a fine in lieu of the minimum sentence, although a fine may be imposed in addition to the minimum sentence. This section does not prohibit the court from sentencing and the person from serving the maximum term of confinement or from paying the maximum fine permitted pursuant to chapters 902 and 903, and does not prohibit the court from entering a deferred judgment or sentence pursuant to section 907.3, if the person has not previously received a deferred sentence or judgment for a violation of section 708.2 or this section which was issued on a domestic abuse assault.

We first observe that this provision applies to simple, serious, and aggravated misdemeanor variations of domestic abuse assault. Going from there, section 708.2A(7)(a) mandates that a person serve a minimum of two days of the sentence, which cannot be suspended and the court cannot simply impose a fine in lieu of. *Cf. State v. Iowa Dist. Ct.*, ___ N.W.2d ___, ___, 2023 WL 3028128, at *3–4 (Iowa 2023) (concluding fine-only sentence is not authorized by section 909.1 for third-offense possession of methamphetamine because section 124.401(5)(f) mandates imprisonment and placement on probation).

However, as Pohlman points out, "a fine may be imposed in addition to the minimum sentence." Iowa Code § 708.2A(7)(a). Because section 708.2A does not provide fines specific to simple, serious, and aggravated domestic abuse assault, we must then turn to the general sentencing statute for misdemeanors, section 903.1. When we get there, as noted, section 903.1(2) provides the court discretion to suspend a fine on aggravated misdemeanors, while section 903.1(1) does not provide such discretion for simple and serious misdemeanors. So the court may suspend any fine imposed in addition to the minimum sentence on an aggravated misdemeanor variation of domestic abuse assault, but it may not suspend any fine imposed in addition to the minimum sentence on the simple and serious misdemeanor variations.

Because the district court was correct in concluding it could not suspend the fines on these serious misdemeanors, we find no legal error or abuse of discretion and affirm the sentences. *See State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022) (setting forth standard of review).

**AFFIRMED.**