**IN THE COURT OF APPEALS OF IOWA**

No. 21-1939
Filed June 7, 2023


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN MICHAEL BARNES,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.


        Justin Barnes appeals his sentence following a guilty plea. **SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**


        Heidi Miller of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., Schumacher, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**GAMBLE, Senior Judge.**

Justin Barnes entered into an Iowa Rule of Criminal Procedure 2.10 guilty plea to felon in possession of a firearm, unauthorized possession of an offensive weapon, carrying weapons, and unlawful possession of a prescription drug. Relevant here, the plea agreement called for the $430 fine associated with the unlawful possession of a prescription drug charge to be suspended. The district court accepted the plea but did not state it would adopt either the plea's sentencing agreement or a more favorable sentence. *See* Iowa R. Crim. P. 2.10(3). At the sentencing hearing, the district court imposed concurrent prison sentences and suspended the felony fines in accordance with the plea agreement. But concerning the unlawful possession of a prescription drug conviction, the court sentenced Barnes "to a term of imprisonment of not to exceed one year in jail, a $430 fine, and a fifteen percent surcharge." It then advised Barnes it could not suspend the fine and surcharge because unlawful possession of a prescription drug is a serious misdemeanor. And the court did not inform Barnes of his right to withdraw his guilty plea under rule 2.10.

Barnes appeals. He claims the district court failed to comply with rule 2.10 at sentencing and seeks remand for resentencing.

**I. Good Cause**

Iowa Code section 814.6(1)(a)(3) (2021) requires a defendant establish good cause to appeal from a guilty plea to an offense other than a class "A" felony. The State recognizes Barnes challenges his sentence, not the underlying guilty plea, and agrees Barnes has good cause to challenge his sentence. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). But in the alternative, the State asserts

we could treat this appeal as arising from Barnes's guilty plea proceedings, which it contends would not satisfy the good-cause requirement found in section 814.6(1)(a)(3).

Although Barnes's appellate brief discusses procedural missteps by the district court related to the plea, we agree with him that his appeal is rooted in a sentencing issue.[1]  "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."  *Id.*  "[T]he good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain."  *Id.* at 100.  Good cause is "[a] legally sufficient reason."  *Id.* at 104 (alteration in original) (citation omitted).

Here, the challenged sentence was not agreed to in the plea bargain but it *was* mandatory.  *See* Iowa Code § 903.1(1).  So Barnes retains the burden to establish good cause.  *See State v. Hoxsey*, No. 20-1531, 2022 WL 108559, at *3 (Iowa Ct. App. Jan. 12, 2022) (Ahlers, J., specially concurring) ("However, it may not always be clear or conceded that a defendant pleaded guilty and is challenging a sentence that meets *Damme*'s categorical grant of good cause (i.e., a sentence that is discretionary and neither mandatory nor agreed to pursuant to plea bargain).").  While the sentence provision challenged by Barnes is the imposition of the mandatory fine, the issue is whether he should have had the opportunity to

---

[1] While the State concedes Barnes only challenges the sentence and not the underlying guilty plea, the State argues we cannot provide Barnes with relief because Iowa Code section 814.29 requires defendants to establish they would not have pleaded guilty had defects in the *plea proceedings* not occurred.  But as noted, we view Barnes's appeal as challenging his sentence not the plea.  So section 814.29 is not applicable.

withdraw his guilty plea prior to imposition of that mandatory sentence. So, despite the mandatory nature of the fine, Barnes raises a defect in the sentencing procedure. *See State v. Kessler*, No. 22-1388, 2023 WL 3088308, at *1 (Iowa Ct. App. Apr. 26, 2023) (recognizing a defendant establishes good cause even though the defendant received the agreed-upon sentence when there is a claimed defect in the sentencing procedure). Barnes's challenge to the sentencing procedure amounts to "a claim on appeal for which an appellate court potentially could provide relief." *See State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022) ("[W]e have recognized a defendant establishes good cause to appeal by asserting a challenge to a sentencing hearing or sentence because a defendant need not preserve error to assert such claims on appeal."). As a result, Barnes has established good cause to appeal. *See id.* ("What constitutes a legally sufficient reason is context specific." (citation omitted)).

**II. Sentencing Challenge**

### A. Standard of Review

We review sentencing challenges for legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). However, "[w]e will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

### B. Discussion

Important to this case is the fact Barnes entered into a rule 2.10 guilty plea. A rule 2.10 guilty plea is unique in that it requires the district court to either agree to be bound by its terms or permit the defendant to withdraw the plea. Rule 2.10(3) states,

When the plea agreement is conditioned upon the court's concurrence, and the court accepts the plea agreement, *the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement.* In that event, the court may accept a waiver of the use of the presentence investigation, the right to file a motion in arrest of judgment, and time for entry of judgment, and proceed to judgment.

(Emphasis added.) Rule 2.10(4) explains what the court must do if it will not follow or be bound by the plea agreement:

at the time the plea of guilty is tendered . . . the court shall inform the parties of this fact, *afford the defendant the opportunity to then withdraw defendant's plea*, and advise the defendant that if persistence in a guilty plea continues, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

(Emphasis added.)

After it imposed the mandatory fine, the district court explained it did not have authority to suspend it because unlawful possession of a prescription drug is a serious misdemeanor. *See* Iowa Code § 903.1(1); *State v. Ayers*, 590 N.W.2d 25, 29 (Iowa 1999); *State v. Phillips*, No. 22-0659, 2023 WL 2672058, at *3 (Iowa Ct. App. Mar. 29, 2023). The court then gave defense counsel time to speak with Barnes to make sure he understood that although the plea agreement referenced suspension of the fine, the court could not suspend it. After a private discussion with Barnes, defense counsel said, "I think he understands, Judge. We can go forward." But the court did not explicitly state that Barnes could withdraw his guilty plea. *See* Iowa R. Crim. P. 2.10(4). And defense counsel did not disclose on the record whether he discussed withdrawal of the guilty plea with Barnes. Based on

this record, we cannot speculate whether Barnes understood he could withdraw his plea at that point in the proceedings.

A sentencing error occurs when the court accepts a guilty plea conditioned on its concurrence with a plea agreement under rule 2.10 and then fails to follow the agreement at sentencing without allowing the defendant to withdraw his plea. *See State v. Hoffman*, No. 21-1134, 2022 WL 468739, at *2 (Iowa Ct. App. Feb. 16, 2022). While the district court advised Barnes at the sentencing hearing that it was prohibited from suspending the fine, it did so after the plea was already accepted and the sentence was pronounced. And while the district court gave Barnes time to confer with his counsel at the sentencing hearing after informing him that it could not suspend the fine, it did not provide Barnes an opportunity to withdraw his guilty plea as required by rule 2.10(4). We conclude the district court erred in failing to do so. *See id.* at *3 (concluding because a court rejected the sentence contained in a rule 2.10 plea the defendant should have been given opportunity to withdraw his guilty plea at sentencing).

"We vacate [Barnes's] sentences and remand for further proceedings, before a different judge, consistent with this opinion." *Id.* At the remand hearing, the district court shall provide Barnes an opportunity to withdraw his plea prior to the imposition of the mandatory fine and surcharge.[2] *See id.*

**SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

---

[2] To be clear, we do not fault the district court refusing to suspend the fine as it correctly determined it could not. *See Ayers*, 590 N.W.2d at 29; *Phillips*, 2023 WL 2672058, at *3. And, of course, it cannot do so on remand. *See State v. Howell*, 290 N.W.2d 355, 358 (Iowa 1980).