MULLINS, Judge (concurring in part and dissenting in part).
I concur in the decision to affirm the child endangerment conviction. I write separately to respectfully dissent from the decision to vacate the sentences and remand for resentencing. Our standard of review should be for abuse of discretion in the sentencing decision, not for legal error or abuse of discretion on a matter of evidence if such error does not show an abuse of discretion in the sentencing decision.
Ross argues the district court erred and abused its discretion by refusing to consider additional evidence in mitigation of his punishment. Specifically, Ross argues the court failed to consider letters of support from family and friends along with a letter acknowledging Ross's request for admission into a Salvation Army program. We review the sentence imposed in a criminal case for correction of errors at law. State v. Formaro , 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse "absent an abuse of discretion or some defect in the sentencing procedure." Id.
The sentencing hearing was scheduled for 8:30 a.m. on July 28, 2017. At 7:00 a.m. that day, defense counsel filed with the clerk of court two proposed exhibits: the first containing certificates of completion of various programs and courses Ross completed while in jail, and the second containing several letters from Ross's family and friends and the Salvation Army Adult Rehabilitation Center. During the hearing, defense counsel identified those exhibits for the court. When the court inquired about the authors, counsel explained that the letters were not from victims. The court then stated "Well, I'm not going to consider them. They're not victims. He can tell me about what support he has." Although counsel made no formal offer of the exhibits into evidence, the combined general docket shows the exhibits were exhibits (no longer proposed exhibits) at 9:01 a.m.[3]
If the record ended there, I might be concurring with the majority. But, we must examine the entire record, because "[a]n abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." State v. Hopkins , 860 N.W.2d 550, 553 (Iowa 2015). "We give sentencing decisions by a trial court a strong presumption in their favor." Id. "When a sentencing court has discretion, it must exercise that discretion." State v. Ayers , 590 N.W.2d 25, 27 (Iowa 1999). "Failure to exercise that discretion calls for a vacation of the sentence and a remand for resentencing." Id.
Iowa Code section 901.2(1) mandates the court "shall receive from the state, from the judicial district of department of correctional services, and from the defendant any information which may be offered which is relevant to the question of sentencing." Moreover, the court "may consider information from other sources." Iowa Code § 901.2(1). The use of the word "shall" imposes a duty, "must" states a requirement, and "may" confers a power. Id. § 4.1(30)(a)-(c). Although the sentencing transcript record contains no formal offer of Ross's proposed exhibits and contains no verbal indication the court admitted the exhibits in evidence, I interpret the combined general docket to mean the proposed exhibits filed at 7:00 a.m. were admitted into evidence and docketed at 9:01 a.m. As such, the exhibits were "received" by the court from the defendant. See id. § 901.2(1). The contents of the letters can be characterized as providing unsworn facts and opinions concerning family circumstances and employment and rehabilitation potential. Thus, they were relevant to the question of sentencing. See id.
A sentencing court has a duty to consider all the circumstances of a particular case. We do not believe however, it is required to specifically acknowledge each claim of mitigation urged by a defendant. Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered. Instead, we review a sentence for an abuse of discretion based on the entire record, and look to see if the reasons articulated by the trial court are sufficient to enable us to determine if an abuse of discretion occurred.
State v. Boltz , 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (citation omitted).
When the district court stated it refused to consider the letters, it also told counsel, Ross "can tell me about what support he has." Defense counsel proceeded to make a thorough recommendation and argument in support. In response to remarks by defense counsel, the court inquired as to the voluntary placement status of the Salvation Army program and with regard to making placement a condition of probation, the court stated: "Doesn't appear from that letter they accept that, but maybe they do." Thus, the court had read and considered the Salvation Army letter-defendant's second exhibit-though not orally admitted into evidence.
Ross then spoke in mitigation and was given a full opportunity to say what he wanted, and did so in a lengthier manner than we often see. He told the court he made a mistake and was really sorry, that he has two sons and wanted an opportunity to make things right so his younger son "doesn't take these steps that I made in my life." He told the court a lot of people look up to him and he asked for mercy so he could make things right with his family and better himself. He explained he had a job waiting for him, wanted to make things right for his sons' sake and was sorry for putting his family through this. Ross's allocution takes eighteen lines of the sentencing transcript. When the court announced its reasons for imposing the sentence, it stated:
Now, I've read this PSI, and I've heard what you said today and I see your things that you've done in jail, and I'm glad you've been productive in the jail. You're lucky that this is one jail that has a lot of programs that do help people, but it's not our fault that you didn't get substance abuse treatment in the jail.
That's your fault, and it's based on-and today, based on this, I'm looking at a history of somebody since back in 2003, 2005, frankly, your actions speak louder than your words. You've got an 8-year-old son and today is the first time that you're sorry that you put him through this? Where have you been the last eight years?
You've been in prison. You've been continuing to use substances since you've been off parole, and you've been deceptive. You've been deceptive to those people back there about your life and your relationships. You've been deceptive to yourself, and that's not the type of person who's gonna be successful on probation, and that's why-plus these are assaultive kind of behaviors.
Every single time there's all these failures to appear with warrants issued, failure to appear, warrants issued, probation, parole violation. You knew in May that part of your parole was not to use drugs, and you continued to do that.
THE DEFENDANT: That's why I'm seeking if you can give me some type of help. I don't think prison will help me, ma'am.
THE COURT: Well, obviously you didn't seek the community help that was available in this community. Salvation Army has been there for years. It's voluntary. You haven't been in that. You haven't taken advantage-now that you're gonna be sent to prison again, all of a sudden you're willing to go. You've got all these judgments that you haven't paid and past things.
You've been unemployed, yet you seem to have enough money to buy drugs. Frankly, your priorities have not been in the right place. You've not been accepted to drug court. That might have been a good place for you, but I'm not in charge of that program. They have specific criteria, and yours haven't been accepted. The Residential Corrections Facility isn't gonna accept somebody who's got a history of violence like you do.
We've-frankly, we don't have any other community resources that I think are appropriate or that you've availed yourself of up until maybe now you're saying that you're gonna go to the Salvation Army, but I don't believe at this time that probation is an appropriate disposition, and I'm going to not suspend the sentence, and I'm gonna order that you be delivered to the Iowa Department of Corrections.
On my review of the entire record, I would find that, although the court announced it would not consider the letters, its thorough and interactive recitation of reasons for its sentencing decision in fact responded to the primary themes contained in the letters. The court invited Ross to tell her what he wanted her to know from the letters; and, although he did not reference the letters in his statements in mitigation, his summarized remarks to the court embodied their essence. The court did nothing to limit or hinder his ability to allocute. He was given the opportunity to say what he wanted. The court then explained its reason for the sentence in detail, reciting numerous facts and factors it considered. After carefully reviewing the entire record, it is clear to me the court considered all the relevant and pertinent facts and circumstances, and did not abuse its discretion in its sentencing decision.
I would affirm the sentence.

The record does not show an exhibit maintenance order. See Iowa Ct. R. 16.412(2)(c).