# IN THE COURT OF APPEALS OF IOWA

No. 22-0659
Filed March 29, 2023

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**ASHANTI DEANNA PHILLIPS,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

       Ashanti Phillips appeals the sentences she received. **AFFIRMED.**

       Jane M. White of Gribble Boles Stewart & Witosky, Des Moines, for appellant.

       Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

       Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

D.S., a high school student, was walking to her car in the school parking lot one night after basketball practice when she was jumped by Ashanti Phillips and five of her cohorts. D.S. attempted to flee the attack by returning to the school, but the doors were locked. The attackers caught up to D.S., punched her, knocked her to the ground, and kicked her. During the attack, the attackers used a stun gun on D.S. and sprayed her with pepper spray. D.S. suffered bruising, a broken nose, and a swollen lip from the attack. The attackers also stole her gym bag, the jersey and game shoes inside the bag, and the practice shoes D.S. was wearing.

## I.    Procedural Background

As a result of her participation in the attack, the State charged Phillips with robbery in the first degree, a class "B" felony, in violation of Iowa Code sections 711.1 and 711.2 (2019). The parties reached a plea agreement. Pursuant to the agreement, the State amended the trial information to three charges: (1) theft in the first degree, a class "C" felony; (2) assault with a dangerous weapon, an aggravated misdemeanor; and (3) assault causing bodily injury, a serious misdemeanor. In return, Phillips pleaded guilty via *Alford* plea to the three charges.[1] The district court sentenced Phillips to an indeterminate term of ten years on the theft charge, an indeterminate term of two years on the assault-

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and voluntarily, knowingly, and understandingly agreeing to allow the court to consider such strong evidence of guilt in accepting the guilty plea). In entering the *Alford* pleas, Phillips consented to the court considering the information in the minutes of evidence to provide the factual basis for the plea. The minutes provide the details described above.

with-a-dangerous-weapon charge, and one year on the assault-causing-bodily-injury charge, with the sentences to be served concurrently to each other. The court did not suspend the term of incarceration. The court also sentenced Phillips to pay a fine and surcharge on each charge but suspended the fine and surcharge on the first two charges. The court did not suspend the fine and surcharge on the assault-causing-bodily-injury charge. Phillips appeals.

## II.     Issues Raised on Appeal

Phillips raises two issues. She argues the district court abused its discretion by imposing a prison term rather than suspending it. She also contends the district court erroneously believed it had no discretion to suspend the fine on the serious misdemeanor charge of assault causing bodily injury, so the district court abused its discretion by failing to exercise it.

## III.     Good Cause & Standard of Review

We have jurisdiction to hear Phillips's appeal despite her *Alford* plea because Phillips has established good cause by challenging her sentence rather than the guilty plea. *See State v. Damme*, 944 N.W.2d 98, 104–05 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."); *State v. Henderson*, No. 19-1425, 2020 WL 2781463, at *1 (Iowa May 29, 2020) (following the logic in *Damme*—filed the same day—to find good cause to appeal following an *Alford* plea when only the sentence is being challenged). When, as here, the sentence imposed is within statutory limits, we review sentencing decisions for an abuse of discretion. *See State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "An abuse of discretion is rarely found when sentence is imposed

within the statutory maximum unless (1) the trial court fails to exercise its discretion or (2) the trial court considers inappropriate matters in determining what sentence to impose." *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983) (internal citations omitted).

## IV. Analysis

### A. The Imprisonment Decision

Phillips contends the district court abused its discretion by failing to suspend her term of incarceration. She asserts the claimed abuse of discretion stemmed from the court's failure to appropriately consider mitigating factors of her becoming a mother, obtaining a certified-nursing-assistant certificate, obtaining employment, attending school, committing only one criminal offense since the assault of D.S., and showing remorse.

We are not persuaded that the district court abused its discretion in requiring Phillips to serve the prison term. A sentencing court is required to state on the record its reason for selecting a particular sentence in order to make a defendant aware of the consequences of the defendant's actions and to give an appellate court the ability to review the discretion exercised by the district court. *State v. Wilbourn*, 974 N.W.2d 58, 67 (Iowa 2022). The district court must decide which legally authorized sentence is best to provide for the rehabilitation of the defendant and protection of the community. *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022). In making that decision, the court must consider any relevant factors, including the nature and circumstances of the offense as well as the defendant's age, character, chances for reform, criminal record, employment history, and

family circumstances. *Id.* That is what the district court did here, giving this explanation for the sentence:

> In pronouncing judgment and sentence today, the court has considered the factors set forth in the Iowa Code. I've considered the recommendations of counsel today on the record, the defendant's allocution. I have also reviewed and considered the information set forth in the presentence investigation report as amended today. Further, I have considered the recommendation in that report. Specifically, the information I focused on is the defendant's age; the nature of this offense; I further have considered the prior record, which notably, is no prior record for the defendant in this matter; her employment circumstances; her family circumstances; as well as the sentencing options that are available to the court today, which will provide for the maximum opportunity for rehabilitation of the defendant and for the protection of our community from further offenses by the defendant and others.

These are all appropriate considerations, and Phillips does not contend otherwise. Rather, pared down to its essence, Phillips claims that the district court did not adequately address the mitigating factors and place the weight on those factors that Phillips thinks they deserve. But Phillips's claim is not supported by the law.

As for the claim that the district court did not adequately address mitigating factors, we note that, while the district court had the obligation to consider relevant factors, it was not required to specifically acknowledge each mitigating factor claimed by Phillips. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("We do not believe however, [the sentencing court] is required to specifically acknowledge each claim of mitigation urged by a defendant."). And, despite not having the obligation to do so, the district court did acknowledge several of the mitigating factors claimed by Phillips, including her family circumstances, employment, and lack of criminal history. Further, failing to acknowledge a particular factor does not mean it was not considered. *Id.* We find no abuse of the

court's discretion in failing to say more as to the mitigating factors claimed by Phillips.

As for the claim that the court did not properly weigh the factors, we find no abuse of discretion, as the district court's authority to weigh the competing factors to reach a sentencing decision is the essence of the discretion given to a sentencing judge. *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). As there is no claim that the district court considered improper factors, we find no abuse of discretion in the manner in which the court weighed the competing factors.

### B. Failure to Suspend Fine for Serious Misdemeanor

Phillips's final argument is that the district court failed to realize it had discretion to suspend the fine on the serious misdemeanor charge of assault causing bodily injury, so the district court abused its discretion. *See State v. Hess*, 983 N.W.2d 279, 284 (Iowa 2022) (noting that when the district court fails to exercise its sentencing discretion because it was unaware it had such discretion, we typically vacate and remand for resentencing). Phillips's argument suffers from two dispositive defects. It ignores the express language of Iowa Code section 903.1(1) that says fines imposed for simple and serious misdemeanors "shall not be suspended," and it does not even mention—let alone distinguish— case law rebuffing her claim.

In *State v. Ayers*, our supreme court addressed the same issue now being raised by Phillips—namely the discretion of the sentencing court to suspend fines for misdemeanors. *See* 590 N.W.2d 25, 29 (Iowa 1999). In doing so, the court,

referring to section 903.1(1), stated: "By mentioning simple and serious misdemeanor offenses as the class of offenses in which the sentencing court cannot suspend a fine, the legislature has expressed its intent that the court has the option of suspending aggravated misdemeanor fines." *Id.* at 31. Our court has no authority to overrule the controlling precedent established by *Ayers*. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent."). Further, our court, citing *Ayers* and section 903.1(1), has expressly concluded that Iowa law does not permit suspension of a fine on a serious misdemeanor charge. *State v. Abbott*, No. 17-1337, 2018 WL 1433807, at *1 (Iowa Ct. App. Mar. 21, 2018). As Phillips makes no argument attempting to distinguish the holdings in *Ayers* and *Abbott*, we follow our appellate precedent and reject Phillips's contention that the district court had discretion to suspend the fine on the serious misdemeanor charge. As the court had no such discretion, the district court did not abuse its discretion in failing to exercise it.

## V.    Conclusion

Having concluded the district court did not abuse its sentencing discretion, we affirm.

**AFFIRMED.**