# In the Iowa Supreme Court

No. 23–0786

Submitted November 14, 2024—Filed January 17, 2025

**State of Iowa,**

Appellee,

vs.

**Isaiah Cecil Hakeem Duffield,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Fayette County, Richard D. Stochl, judge.

A criminal defendant contends the district court abused its discretion in sentencing. **Decision of Court of Appeals Vacated; Conviction Affirmed, Sentence Vacated, and Case Remanded.**

McDonald, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau and Monty Platz, Assistant Attorneys General, for appellee.

**McDonald, Justice.**

The duty of a sentencing judge in every case is to carefully consider the facts and circumstances in that particular case and thoughtfully craft a sentence that best accomplishes justice for the public at large, the victim or victims of the crime, and the individual defendant. Upon selecting and imposing a particular sentence, the sentencing judge is obligated to state the reasons for the sentence, including the reasons for imposing consecutive sentences, if any. *See* Iowa R. Crim. P. 2.23(3)(*d*) (2022); *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016); *see also* Iowa R. Crim. P. 2.23(2)(*g*) (2023). The question presented on further review is what the appropriate remedy on direct appeal is when the sentencing judge fails to articulate the reasons for imposing consecutive sentences.

Isaiah Duffield was required to register as a sex offender due to a juvenile adjudication for sexual abuse in the third degree. In April 2022, Duffield was charged with sexual abuse in the third degree, second or subsequent offense, a class "A" felony, and failure to comply with the sex offender registry, first offense, enhanced, a class "C" felony. After the charges were severed and the State amended the trial information, Duffield entered a written guilty plea to the lesser offense of failure to register, an aggravated misdemeanor, in violation of Iowa Code sections 692A.101(23)(*a*)(15), 692A.104, and 692A.111(1) (2022). The written guilty plea provided for "an open contested sentencing" during which either party could "argue for any legal sentence." Duffield also authorized his attorney to appear for him at sentencing.

The sentencing record is sparse, to say the least. Duffield and the State waived reporting of the sentencing hearing so the only thing we know about the sentencing hearing must be gleaned from the district court's order of judgment and sentence. The district court adjudged Duffield guilty of failure to comply with

the sex offender registry, an aggravated misdemeanor. The district court sentenced Duffield to a term of incarceration not to exceed two years and a fine of $1,025, said fine suspended. The district court's written reasons for the sentence were, in full, the "[n]ature of offense," "[p]lea agreement," and "[p]rior record." The district court ordered Duffield's sentence to be served consecutive to a sentence in a separate sexual abuse case.

Duffield appealed, and we transferred the case to the court of appeals. On appeal, Duffield argued that the district court abused its discretion in imposing the $1,025 fine. With respect to the fine, Duffield speculated the district court imposed the minimum fine for a class "D" felony rather than the minimum fine for an aggravated misdemeanor. *Compare* Iowa Code § 902.9(1)(*e*) (setting forth minimum and maximum fines for a class "D" felony offense), *with id.* § 903.1(2) (setting forth minimum and maximum fines for an aggravated misdemeanor offense). Duffield also argued the district court failed to state its reasons for imposing consecutive sentences. The court of appeals held the district court did not abuse its discretion in imposing the $1,025 fine. The court of appeals reasoned that the fine was within the statutory range and that Duffield failed to carry his burden to establish any irregularity in the record. *See State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018) (stating that a sentence authorized by statute is presumed regular and that it is the defendant's burden to establish an abuse of discretion); *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (stating that a sentence authorized by statute is presumed regular). The State admitted the district court erred in failing to state its reasons for the imposition of consecutive sentences. The court of appeals vacated that portion of the sentencing order and remanded the case to a different judge with the following instruction: "[T]he only task for the sentencing judge will be to decide whether Duffield's two-year

sentence will be served concurrently or consecutively to the sentence in his other case."

We granted the defendant's application for further review. On further review, we have the discretion to limit our review of the issues raised on appeal. *State v. Schwartz*, 7 N.W.3d 756, 760 (Iowa 2024). We exercise that discretion here and limit our discussion to the consecutive sentencing issue because our resolution of that issue renders Duffield's challenge to the fine moot. Our review of the defendant's sentence is for the correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "[S]entencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Ayers*, 590 N.W.2d 25, 29 (Iowa 1999). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.' " *Damme*, 944 N.W.2d at 103 (quoting *Formaro*, 638 N.W.2d at 724). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Hill*, 878 N.W.2d at 272.

Sentencing an offender is a delicate, difficult task. The district court's function is both backward-looking and forward-looking: backward-looking in that the district court must impose a sentence that provides justice in the individual case; forward-looking in that the district court must select a sentence that advances the "societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *Formaro*, 638 N.W.2d at 724. To assist the district court in performing "the often arduous task of sentencing a criminal offender," *id.* at 725, our state has made it a priority to provide the district court with as much information as possible prior to making a sentencing decision. *See* Iowa Code § 901.2(1) (stating the district court "shall receive from the state, from the

judicial district department of correctional services, and from the defendant any information which may be offered which is relevant to the question of sentencing"). After the district court has received and reviewed the information relevant to sentencing, it must craft an individualized sentence that provides justice for all involved.

Once the district court has determined the appropriate sentence, the district "court shall state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(*d*) (2022). This includes its reasons for imposing consecutive sentences. *See State v. Luke*, 4 N.W.3d 450, 456 (Iowa 2024); *Hill*, 878 N.W.2d at 273; *see also* Iowa R. Crim. P. 2.23(2)(*g*)(2023). The requirement that the district court articulate its reasons for imposing a sentence "ensures defendants are well aware of the consequences of their criminal actions." *State v. Thompson*, 856 N.W.2d 915, 918–19 (Iowa 2014). The requirement also "affords our appellate courts the opportunity to review the discretion of the sentencing court." *Id.* A " 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.' " *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989), *overruled on other grounds by Hill*, 878 N.W.2d 269).

The State concedes the district court's sentencing order does not provide a reason or reasons for imposing consecutive sentences. The court of appeals' remedy was to vacate that portion of the sentencing order and remand the case to the district court for sentencing before a different judge. We conclude the court of appeals erred in its remedy.

In cases involving the failure to articulate a reason for imposing carceral sentences, including consecutive carceral sentences, this court typically has

vacated the defendant's sentence in its entirety and remanded the case for a plenary sentencing hearing. *See, e.g.*, *Hill*, 878 N.W.2d at 275 (vacating the defendant's sentence for failure to give reasons for consecutive sentences and remanding for resentencing); *Thacker*, 862 N.W.2d at 410–11 (vacating sentence and remanding to the district court for resentencing where there were inadequate reasons in the record to support the sentence); *State v. Lumadue*, 622 N.W.2d 302, 305 (Iowa 2001) (en banc) (vacating sentence and remanding for resentencing where there were inadequate reasons given for the sentence); *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000) (vacating sentences and remanding for resentencing where "the court did not provide reasons for its decision to impose consecutive sentences"); *State v. Uthe*, 542 N.W.2d 810, 816 (Iowa 1996) (stating the "sentences must be vacated and the matter remanded for resentencing"); *State v. Harrington*, 349 N.W.2d 758, 763 (Iowa 1984) (sentence vacated where the court failed to state reasons for imposing consecutive sentences), *abrogated on other grounds by Ryan v. Arneson*, 422 N.W.2d 491 (Iowa 1988). *But see Ayers*, 590 N.W.2d at 33 (vacating only portions of the defendant's sentence and remanding for resentencing).

The court of appeals, in its published decisions, typically has done the same thing. *See, e.g.*, *State v. Delaney*, 526 N.W.2d 170, 178 (Iowa Ct. App. 1994) (remanding for resentencing); *State v. Taggart*, 525 N.W.2d 877, 882 (Iowa Ct. App. 1994) (same). *But see State v. Jason*, 779 N.W.2d 66, 78 (Iowa Ct. App. 2009) (vacating that "portion of the sentence imposing consecutive sentences" and remanding to "determine, and provide reasons, for whether the sentences upon his convictions shall run consecutively or concurrently").

Vacating the defendant's sentence and remanding the case for plenary resentencing should be the presumed remedy in cases involving the district

court's failure to exercise its discretion in imposing a carceral sentence or the district court's failure to articulate its reasons for imposing a carceral sentence. The presumed remedy is consistent with the published precedents of this court and the court of appeals. In addition, in the case of carceral sentences, vacating the defendant's sentence in its entirety and remanding for a plenary sentencing hearing is more consistent with the sentencing function. As noted above, sentencing is a delicate and difficult task. At the time of sentencing, the district court must receive all information relevant to the sentencing decision and exercise its discretion to decide upon a just sentence that strikes the right balance between competing considerations. Just consider the discretionary sentencing options available to the district court in this case. Because this offense was an aggravated misdemeanor, the district court had the discretion to set the length of the sentence, not to exceed two years. Iowa Code § 903.1(2). The district court had the discretion to suspend the sentence. *Id.* § 907.3(3). The district court had the discretion to determine the amount of the fine. *Id.* § 903.1(2). The district court had the discretion to suspend the fine. *Id.* § 907.3(3). *But see State v. Laue,* No. 23–0208, 2023 WL 8448475, at *2–4 (Iowa Ct. App. Dec. 6, 2023) (Ahlers, J., concurring in part and dissenting in part). Finally, the district court had the discretion to impose this sentence concurrent or consecutive to Duffield's sentence in another case. Iowa Code § 901.8. Remanding this case for resentencing only on the question of whether Duffield's sentence should be served concurrent or consecutive to another sentence would deprive the resentencing judge of the full panoply of sentencing options available to craft a just and appropriate sentence based on the information available at the time of sentencing, including any new information that might be presented in an updated presentence investigation report. *See State v. Chatman,* No. 19–

0856, 2020 WL 7021709, at \*7–8 (Iowa Ct. App. Nov. 30, 2020) (rejecting the state's request to limit sentencing upon remand).

In addition to the foregoing, we conclude the court of appeals erred in remanding this case for resentencing in front of a different judge. The general rule is that resentencing before a different judge is required only where the sentencing process was tainted against the defendant and a different judge must conduct sentencing to remove the taint. *See, e.g., State v. Patten*, 981 N.W.2d 126, 134 (Iowa 2022) (remanding for resentencing before a different judge where the prosecutor breached the plea agreement and tainted the sentencing proceedings); *State v. Davis*, 971 N.W.2d 546, 558 (Iowa 2022) (same); *State v. Boldon*, 954 N.W.2d 62, 70 (Iowa 2021) ("The taint is inherently prejudicial and requires the appellate court to vacate the sentence and remand the case for a new sentencing hearing in front of a different judge."). Resentencing before a different judge is not required where the sentencing judge failed to exercise its discretion in imposing a sentence or failed to articulate its reasons for imposing a discretionary sentence.

The district court erred in failing to state its reasons for the imposition of consecutive sentences, and the court of appeals erred in remanding the case for resentencing before a different judge. We vacate Duffield's sentence and remand this matter for resentencing.

**Decision of Court of Appeals Vacated; Conviction Affirmed, Sentence Vacated, and Case Remanded.**