# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-2063
Filed January 7, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Clinton Randolph Van Fossen,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Scott County,
The Honorable Meghan Corbin, Judge.

———————————

**AFFIRMED**

———————————

Matthew J. Gannon, Davenport, attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

———————————

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

Clinton Van Fossen[1] appeals following resentencing for multiple offenses related to filming or photographing nude minor children. He claims the district court mishandled a request for a hybrid in-person/electronic resentencing hearing and abused its discretion when imposing sentence. On review, we discern no legal error or abuse of discretion. We affirm.

## BACKGROUND FACTS AND PROCEEDINGS

We summarized the facts of the offense in Van Fossen's previous appeal:

> In early 2020, Bettendorf police received a "cybertip" from the National Center for Missing and Exploited Children alleging "a teenage female was being filmed, at time in a state of nudity, likely without the knowledge of the video/recording device being present." The internet provider's account information associated with the camera system led police to Van Fossen's residence. Van Fossen's wife allowed police to search the home, and officers discovered two cameras hardwired to the ceiling disguised as smoke detectors. One of the cameras was outside of the bedroom of Van Fossen's college-aged daughter, A.V. The other camera was on A.V.'s bedroom ceiling. Police also discovered notes Van Fossen had written to A.V., detailing his interactions with her and expressing his love for her.

> Van Fossen denied knowledge of the cameras. He agreed to come to the police station after work the next day, but he didn't show up and instead went home. Officers met him there with a search warrant. The only phone Van Fossen had with him was one he had purchased that morning before work. Police eventually found deleted nude images of A.V. from 2017, which had been recorded on a different type of camera Van Fossen had placed in her bathroom. Police also found nude and partially nude film

---

[1] Van Fossen is capitalized multiple ways in the record. In this opinion, we replicate how Van Fossen signed documents in the district court, correcting quotes as needed.

and images of a young couple, J.B. and T.B., who stayed in A.V.'s bedroom
while visiting during the 2019 holiday season.

*State v. Van Fossen*, No. 23-0019, 2024 WL 3688513, at \*1 (Iowa Ct. App. Aug. 7, 2024) (footnotes omitted). The county attorney charged Van Fossen by trial information with five counts of invasion of privacy, aggravated misdemeanors in violation of Iowa Code section 709.21(3) (2020); electronic or mechanical eavesdropping, a serious misdemeanor in violation of section 727.8; and preventing apprehension or obstructing prosecution, an aggravated misdemeanor in violation of section 719.3(1). Van Fossen pled not guilty and waived his right to a jury trial. Following a bench trial, the court found Van Fossen guilty as charged and sentenced him to prison, with three of the seven counts to be served consecutively.

Van Fossen appealed and a panel of this court affirmed the convictions but remanded for resentencing after finding the district court did not adequately set forth reasons for the consecutive sentence. *Van Fossen*, 2024 WL 3688513, at \*9.[2]

Three days before the scheduled resentencing hearing, Van Fossen filed a motion for a hybrid in-person/electronic hearing under Iowa Rule of Remote Procedure 15.302 to allow his Florida-based son to testify. According to Van Fossen, it was overly burdensome for his son to take off work and travel to Davenport. As required by Rule 15.302(2), Van Fossen indicated in his motion that he had consulted with the State and the State resisted the

---

[2] We observe that our court's direct-appeal opinion was somewhat ambiguous on whether we were directing the district court on remand to merely state its reasons for imposing a consecutive sentence or instead whether we directed a plenary resentencing. *Van Fossen*, 2024 WL 3688513, at \*9. Neither party presses this issue on appeal. And we do not fault the district court for conducting a plenary resentencing.

electronic testimony. The court did not enter an order addressing the motion before resentencing.

At resentencing, Van Fossen alerted the court to the pending motion. The court responded: "With that motion being contested without it being set for a hearing[,] because it was contested the court can't rule on it. If it had been agreed upon, we could have entered an order[,] but because no ruling could be made[,] no Zoom was set up." There was no further discussion on the motion, and Van Fossen did not file a motion to reconsider or otherwise litigate the issue.

Van Fossen presented evidence on his likelihood of recidivism from Dr. Luis Rosell, a clinical and forensic psychologist. Purportedly relying on an interview with Van Fossen, the trial transcripts, appellate briefs, sentencing order, and minutes of testimony, Rosell opined that Van Fossen was unlikely to recidivate. The court questioned Rosell's methodology and communicated its concern Van Fossen wasn't forthcoming with details in his conversation with Rosell. The court noted that Rosell's report, which quoted Van Fossen at length, did not mention Van Fossen had obsessively positioned multiple cameras in various locations in his daughter's room. The report also suggested that Van Fossen only left the cameras in place because he thought them defunct—contrary to the record evidence. And Rosell appeared wholly unaware of Van Fossen's obstruction charge and related consciousness-of-guilt behavior.

In announcing its reasons for sentence, the court began its explanation of reasons by considering "the seriousness of the crime, and the effect that the crime has had upon the members of the community as well as [Van Fossen's] willingness to accept treatment and change." The court also expressly considered Van Fossen's "demeanor," as well as his failure to

4

accept responsibility or show accountability for his conduct. And the court noted Van Fossen had not sought counseling or any other behavioral rehabilitation in the five years since his arrest. The court then resentenced Van Fossen to prison, with three of the seven counts to be served consecutively. Van Fossen appeals.

## DISCUSSION

Van Fossen presents two challenges, asserting the court erred in disposing the hybrid hearing motion and abused its discretion when imposing sentence.

### I.     Hybrid Electronic/In-Person Hearing Motion

Van Fossen first argues that the district court failed to rule on his motion for a hybrid electronic and in-person sentencing hearing. The problem for Van Fossen is that, if he's right, he is owed no remedy on appeal. "We are a 'court for the correction of errors at law,' and we cannot correct an 'error' the district court never made." *State v. Hernandez*, 20 N.W.3d 502, 509 (Iowa Ct. App. 2025) (en banc) (quoting Iowa Code § 602.5103(1) (2022)). And to the extent Van Fossen believes the district court failed to address an issue despite him properly presenting it, the onus was on him to file a motion under Iowa Rule of Civil Procedure 1.904(2) or the like to draw that alleged error to the district court's attention. *E.g.*, *Meier v. Senecaut*, 641 N.W.2d 532, 538 (Iowa 2002). To the extent Van Fossen claims in his reply brief this was a sentencing error for which he was not required to preserve error, the supreme court disagrees. *See State v. Pirie*, 18 N.W.3d 238, 248–49 (Iowa 2025) (holding defendant's failure to preserve challenge related to remote sentencing precluded appellate review; collecting out-of-state cases holding the same). As a result, we could likely accept Van

5

Fossen's argument the court did not rule on the motion and reject his appellate claim wholesale.

In the interests of completeness, and because we discern no basis for reversal, we will assume without deciding error was preserved. Had error been preserved, we would review the district court's interpretation of the rules of remote procedure for correction of errors at law. *See* Iowa R. App. P. 6.907. Because the rules set forth a list of considerations a district court must consider and weigh, we review a ruling on a request for hybrid proceedings for abuse of discretion. *See* Iowa Ct. R. 15.302(4).

On our review, and to the extent there was a ruling, we discern no abuse of discretion. From the start, Van Fossen repeatedly mischaracterizes the record in his brief, claiming that his motion was not contested. Yet Van Fossen's own motion noted the State contested it. And in its comments, the district court emphasized the last-minute nature of Van Fossen's request and that it was contested by the State. This was both an accurate recitation and a consideration encouraged by the rules. Iowa Ct. R. 15.302(4)(b), (i). We also generally observe that trial judges have the discretion to prefer witness testimony be delivered in-person as a matter of courtroom management, given the advantages to the factfinder in assessing witness testimony in-person. *Cf.* Iowa Ct. R. 15.404(4) (noting criminal proceedings *without* witness testimony are presumed remote). In short, it was not an abuse of discretion for the district court to deny a last-minute contested request for remote witness testimony at sentencing.

## II.    Sentence Imposed

As we understand his brief, Van Fossen also urges that the district court abused its discretion when imposing sentence. We are not convinced.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725. To show an abuse of discretion, a defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable reasons. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

Van Fossen first claims the court impermissibly speculated that he minimized, embellished, or misrepresented facts when speaking with Rosell. We are not persuaded. If anything, we find the court's concern that Van Fossen minimized or was not forthright with Rosell is supported by our independent review of the record. And we do not see anything outside the record impermissibly coloring this finding; it is a reasonable inference to draw from comparing Rosell's testimony about his interactions with Van Fossen with other record evidence, including trial evidence and the verdict. And, in the end, the court's comments on Rosell's report speak to the weight the court gave that evidence, which is a matter solely within the province of the factfinder. It is beyond dispute that a failure to accept responsibility and lack of remorse are proper sentencing considerations. *E.g.*, *State v. Knight*, 701 N.W.2d 83, 89 (Iowa 2005).

Van Fossen next argues that the court's sentencing decision was untenable in three ways: he claims the court only focused on his perceived lack of remorse, failed to impose the least restrictive punishment, and failed to adequately consider Rosell's report. On the first point, the court expressly

considered the seriousness of Van Fossen's crimes, how his crimes harmed the victims, and his willingness to seek treatment. And the court noted Van Fossen failed to seek counseling or any rehabilitative treatment over the last five years. On the second, "mere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016). And as to the third, we have previously held that a sentencing court need not accept recidivism-experts' opinions at face value. *State v. Campie*, No. 24-0902, 2025 WL 1824640, at *3 (Iowa Ct. App. July 2, 2025). Nor was the district court required to specifically address each mitigating factor or more lenient sentencing option when providing its reasoning. *See State v. Ayers*, 590 N.W.2d 25, 28–29 (Iowa 1999); *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Because Van Fossen failed to affirmatively show the court abused its discretion, we affirm.

**AFFIRMED.**